UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

NEULAN MIDKIFF,

    Plaintiff,

v.

ERIC HOLDER, JR., U.S. DEPARTMENT OF JUSTICE, B. TODD JONES, U.S. DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, and U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT,

    Defendants.

Civil No. 10-4620 (PJS/AJB)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a federal prison inmate, commenced this action by filing a self-styled pleading entitled "Petition For Declaratory and Injunctive Relief." (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint must be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In 2008, Plaintiff was convicted in this District on various federal criminal charges. United States v. Midkiff, Crim. No. 06-407 (1) (MJD/AJB). He was sentenced to 180 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Oakdale, Louisiana. Plaintiff's conviction and sentence were affirmed on direct appeal on July 16, 2010. United States v. Midkiff, 614 F.3d 431 (8th Cir. 2010).

Plaintiff's current complaint indicates that he "is in the process of preparing a 28 U.S.C. § 2255 petition in order to address unconstitutional practices and procedures in modern grand jury processes." (Complaint, p. 1.) Plaintiff alleges that "there is no consistent case law describing what a grand jury actually is." (Id., [emphasis in the original].) He is seeking an advisory opinion that would "clarify the confusion as to what a federal grand jury actually is: a. An arm of the Court[;] b. An arm of the Executive Branch; or c. An independent Body." (Id., p. 8, [emphasis in the original].)

The complaint names five Defendants: (1) Eric Holder, Jr., the Attorney General for the United States, (2) the United States Department of Justice, (3) B. Todd Jones, the United States Attorney for the District of Minnesota, (4) the United States District Court for the District of Minnesota, and (5) the United States Court of Appeals for the Eighth Circuit. The complaint offers no explanation as to why these particular parties have been named as Defendants in this action. Nothing in the complaint suggests that any of the individual named Defendants is accused of any wrongdoing, or that Plaintiff is seeking any specific remedy against any of the individual Defendants.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

"Article III, § 2, of the United States Constitution... limits the subject matter jurisdiction of federal courts to actual cases and controversies." McClain v. American Economy Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005). There must be "a concrete and existing dispute between real parties whose interests are adverse." T.L.J. v. Webster, 792 F.2d 734, 738 (8th Cir. 1986). The plaintiff must show that the named defendants have caused, (or likely will cause), some actual injury to the plaintiff, which can be remedied by granting some specific legal relief in favor of the plaintiff and against the defendants. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The case or controversy requirement is not satisfied when the plaintiff is seeking only an advisory opinion on abstract legal issues. Flast v. Cohen, 392 U.S. 83, 95 (1968) ("no justiciable controversy is presented... when the parties are asking for an advisory opinion"). Federal court are barred from giving "advance expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests." United States v. Fruehauf, 365 U.S. 146, 157 (1961). In Golden v. Zwickler, 394 U.S. 103, 108 (1969), the Supreme Court reiterated that –

> "(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field.'"

Id. at 108, quoting United Public Workers of American (C.I.O.) v. Mitchell, 330 U.S. 75, 89 (1947) (emphasis added).

In this case, it is readily apparent that Plaintiff's complaint does not present any justiciable case or controversy. Plaintiff has not alleged any wrongful act or omission by any of the named Defendants; he has not alleged that any Defendant has caused him, (or threatened to cause him), any actual injury; he has not described any specific legal dispute involving himself on one side and Defendants on the other; and he has not requested that any specific relief or remedy be entered in his favor and against any Defendant. To the contrary, it is clear that Plaintiff is seeking only an advisory opinion on various abstract legal issues involving federal grand juries. As discussed above, however, federal courts are strictly forbidden to issue such opinions.

In sum, the Court finds that Plaintiff's complaint fails to present any actual case or controversy between himself and the named Defendants, which could be adjudicated in a federal court lawsuit. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: November 23, 2010      *s/ Arthur J. Boylan*
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before Dec. 7, 2010.